CASE 24—PETITION ORDINARY—FEBRUARY 24.

# Lane vs. Berry.

APPEAL FROM BATH CIRCUIT COURT.

1. Where a husband conveys, without the assent of the wife, her inheritance with a covenant of warranty, the heirs of the wife, who were also the heirs of the husband, cannot recover the land from the vendee of the husband—they having received estate from their father more than equal to the value of the land.

2. There is no conflict between *sec.* 4, *chap.* 80, 2 *Rev. Stat.*, *p.* 226, and *sec.* 18 of same chapter. The first saves the right of the wife and her heirs from defeasance by the unauthorized conveyance of the title by the husband. The second bars the right of entry by her heirs, if they have received from the vendor an equivalent estate.

NESBITT & GUDGELL, for appellants, cited 2 *Rev. Stat.*, *p.* 8; *Ibid.*, *pp.* 226, 229; 3 *Marsh.*, 80; 1 *Duvall*, 407; 18 *B. Mon.*, 163; 1 *Stat. Law*, 110; 2 *Ibid.*, 381–2; 2 *Litt. Dig.*, 39, 89; *Sess. Acts* 1846, *p.* 46.

T. TURNER on same side.

B. D. LACY, for appellee, cited 1 *Stat. Law*, 78; 18 *B. Mon.*, 166; 3 *Met.*, 584 *to* 595.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the 10th of January, 1855, Hugh Lane sold and conveyed to the appellee, William Berry, the fee-simple title to land in Bath county, Kentucky, in which, his deceased wife being the owner by descent, the vendor had no other interest than that of tenant by the curtesy. This ejectment in equity being brought for the land by his and her children and heirs, the appellee resisted a recovery by pleading that estate of equal value had descended from the vendor to the appellants, who, to prevent circuity, were therefore estopped from claiming the land he had conveyed with a general warranty of title; and the circuit court, being of the opinion that the appellants had been indemnified by the estate inherited from their father, dismissed their petition. And they now insist that, under the 4th section, Revised Statutes (*p.* 226, 2d *vol. of Stanton, ch.* 80), the conveyance was void except for his own life estate. That section is in the following words: "No judgment of eviction suffered by a husband, or conveyance made by him of the inheritance or freehold of his wife, or other act done by him, shall operate as a discontinuance or shall prejudice or impair her right of action or the right of entry of her or her heirs, or such as have right after her death."

But section 18, page 229, also provides, that "if the deed of such grantor warrant the estate purporting to be conveyed against him and his heirs, and any estate, real or personal,

shall descend to the claimant or come to him by devise or distribution, on the side of the grantor, then he shall be barred for the value of the estate that shall so descend or come to him by descent, devise, or distribution."

There is no conflict between these two legislative enactments. The first saves the right of the wife and her heirs from defeasance by the unauthorized conveyance of the fee-simple title by the husband, and secures to them the right of entry at his death. But the second, nevertheless, bars the right of entry by her heirs if they have received from the vendor an equivalent estate. We can see no incongruity between these provisions; and, contrary to the opinion of the ingenious counsel of the appellants, each stands in full force, and may consistently operate, within its defined sphere, with complete effect.

So far as her heirs are concerned, the vendor's conveyance does not divest them of their title, unless they inherited some compensatory estate from him, when, to that extent, the title passes by estoppel.

This is the plain and often adjudged effect of these two sections of the Revised Statutes, which operate precisely as their provisions would operate if they were embodied in one and the same paragraph.

The warranty in this case, though peculiarly expressed, cannot be consistently interpreted otherwise than as general and binding on the vendor's heirs. The deed purports to convey the entire title to the land and to warrant it against the vendor and all persons claiming under him or his deceased wife, and all other persons whatsoever. This includes his heirs, though in a style awkward and anomalous.

And the record sustains the allegation that the appellants derived by descent from the warrantor estate sufficient to bar this action.

Wherefore, the judgment is affirmed.